UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RMT, INCORPORATED,

        Plaintiff/Counter Defendant,

                                                        Case Number 09-11650-BC
v.                                                    Honorable Thomas L. Ludington

SPE UTILITY CONTRACTORS, L.L.C.,

        Defendant/Counter Claimant.

_____ /

## ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING JUDGE BINDER'S REPORT AND RECOMMENDATION, AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

United States Magistrate Judge Charles E. Binder issued a report and recommendation ("R&R") [Dkt. # 46] on October 14, 2010, recommending that the Court deny Plaintiff and Counter Defendant RMT Incorporated's ("Plaintiff") motion for partial summary judgment [Dkt. # 36]. Plaintiff moved for summary judgment only on the counter-claim [Dkt. # 34] filed by Defendant and Counter Claimant SPE Utility Contractors, L.L.C. ("Defendant"). Plaintiff contends that the $389,791.39 that Defendant is seeking for allegedly unpaid change orders on an underground collector project was later reduced to $34,116.44 by agreement between the parties on January 22, 2009. Consequently, Plaintiff contends it is entitled to summary judgment on that portion of Defendant's counter claim. Judge Binder concluded that there is a material issue of fact as to whether the January 22 agreement was actually intended by both parties to be a final agreement on the change orders, and recommended denying the motion for partial summary judgment.

Any party may serve and file written objections to an R&R "[w]ithin fourteen days after being served with a copy" of the report. 28 U.S.C. § 636(b)(1). Plaintiff filed objections on October

28, 2010 [Dkt. # 47], Defendant filed a response on November 11, 2010 [Dkt. # 50], and Plaintiff filed a reply on November 22, 2010 [Dkt. # 53]. The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id.* The Court is not obligated to further review the portions of the report to which no objection was made. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). For the reasons explained below, Plaintiff's objections will be overruled, Judge Binder's R&R will be adopted, and Plaintiff's motion for partial summary judgment will be denied.

# I

Plaintiff was the general contractor for a wind energy project in Huron County, Michigan. Defendant was a subcontractor. A dispute arose concerning the scope of the initial contract between the parties, as well as whether several changes by Plaintiff departed from the initial contract. Defendant recorded a construction lien against the project in April 2009, and Plaintiff filed a claim for breach of contract in this Court on April 30, 2009. Defendant filed a counter-claim for breach of contract on September 4, 2009. On August 6, 2010, Plaintiff filed a motion for partial summary judgment of Defendant's counter-claim.

Defendant's counter-claim seeks damages arising from four discrete projects: an underground collector system associated with the Huron County project, tower wiring associated with the Huron County project, a substation associated with the Huron County project, and mobilization and demobilization on a project in Iowa. More than seventy percent of the damages sought by Defendant, however, are associated with the underground collector system at the Huron County project. Defendant seeks $186,220.34 in unpaid retention payments on the initial contract and $387,791.39 in change orders from the underground collector system. Plaintiff's motion for

partial summary judgment relates only to what are characterized as underground collector system change orders. Plaintiff contends that on January 22, 2009, it reached an agreement with Defendant to resolve the dispute over change orders for $34,116.34. Plaintiff contends that pursuant to that agreement, it is entitled to partial summary judgment on Defendant's counter-claim to the extent that Defendant is seeking to recover for unpaid change orders from the underground collector system.

The underground collector system contract was initially negotiated by Plaintiff and Defendant between January and June of 2008. After construction began in June, however, Defendant contends that changes to the scope of the project resulted in twelve change orders, totaling $387,000. On November 24, 2008, Defendant submitted an invoice to Plaintiff seeking $372,900. The invoice included work from the original contract as well as some, but not all, of the change order work. At the time, work was ongoing on the project and some of the change orders had not yet been submitted to Plaintiff. Plaintiff questioned the invoice and change orders, and asked Defendant for a meeting to discuss outstanding change orders. Due to scheduling conflicts, the meeting did not occur, but the parties had a telephone conversation about the change orders on January 22, 2009.

Plaintiff's summary judgment motion is based exclusively on that phone call and a later e-mail exchange involving Kenny Knecht, an employee of Plaintiff, and Mike Moriarty, an employee of Defendant. During the phone call, Plaintiff agreed to pay Defendant an additional $34,116.44 for the underground collector system. Knecht then followed up via e-mail:

Mike,

Thanks for your time. As discussed, I am approving the $34,116.44 that SPE has billed over the final approved cost for this work. That is, the total amount SPE billed ($1,862,203.44) will be approved for payment and will be considered the final total cost for the collector system work at the Thumb.

> Also, as discussed, please forward a few tentative available dates for the "Lessons Learned" discussion.
>
> Thanks Mike,
>
> Kenny

[Dkt. # 37-2]. Moriarty replied early the next morning:

> Kenny,
>
> Thanks for the additional amount approved. I hope that we can do this call next week when Dave gets back in town.
>
> I will contact you when I get a couple dates for that call.. [sic]
>
> Mike

*Id.* After the phone conversation and e-mail exchange on January 22, 2009, work continued on the underground collector system project, and Defendant eventually invoiced Plaintiff for an additional $350,000 in change orders. Plaintiff refused to pay for the change orders, contending that Moriarty and Knecht agreed during their phone conversation, as evidenced by Knecht's confirmatory e-mail, that $1,862,203.44 was the "final total cost" for the underground collector system.

On March 10, 2009, Defendant submitted another invoice and additional change orders. Plaintiff refused to pay the invoice, and informed Defendant that it believed all outstanding change orders were resolved by the January 22, 2009 agreement. On March 19, 2009, Defendant filed a construction lien against the project in an attempt to recover amounts due pursuant to the outstanding change orders. The construction lien was amended the following month. On April 30, 2009, Plaintiff began this case.

Judge Binder reviewed the parties papers, and held a hearing on September 22, 2010. On October 14, 2010, he issued an R&R recommending that Plaintiff's motion for partial summary

judgment be denied. Judge Binder concluded that the e-mail exchange and phone call involving Moriarty and Knecht were focused on a specific set of change orders with a monetary value of $34,000, and that Plaintiff agreed to pay Defendant for those change orders, but whether Moriarty and Knecht also agreed at that time to a final price for the entire project remained a disputed question of fact. Therefore, Judge Binder concluded, Plaintiff is required to pay the $34,000 based on the telephone discussion and the e-mail exchange in January 2009, but whether Plaintiff will also be required to pay an additional $350,000 in later change orders is an unresolved issue of fact for the jury.

## II

Plaintiff filed timely objections to the R&R on October 28, 2010. Plaintiff agrees with Judge Binder's determination that it must pay Defendant $34,000 based on the telephone conversation and e-mail exchange, but contends that Judge Binder erred in concluding that Plaintiff may also be obligated to pay additional amounts because of other underground collector system change orders. Specifically, Plaintiff first contends that Judge Binder applied the wrong legal standard. Plaintiff further contends that applying the correct legal standard, the e-mail exchange must be interpreted as a settlement contract and Moriarty's e-mail must be enforced as it was written.

### A

Plaintiff first contends that Judge Binder improperly analyzed the phone conversation and e-mail exchange based on the principles of accord and satisfaction when he should have analyzed them under general contract principles. Judge Binder first analyzed the phone call and e-mail exchange as a potential accord and satisfaction. He determined that they did not qualify because Plaintiff never paid the $34,000 to Defendant. Judge Binder then turned to general contract

principles, and determined that the phone call e-mail exchange did evidence an agreement whereby Plaintiff promised to pay Defendant $34,000 for a specific change order or group of change orders. He further concluded, however, that whether the parties agreed on the final cost of the complete project was ambiguous. There was no error in the legal standard employed by Judge Binder

**B**

Plaintiff next objects that Judge Binder reached the wrong conclusion when he determined that the phone call and e-mails evidenced a contract, but not necessarily a contract as to the "final total cost" of the project. Judge Binder reached his conclusion based on the fact that Moriarty did not recall committing to a final project cost during the January 22, 2009 telephone conversation, nor did his e-mail response acknowledge that he agreed to a final cost. Moreover, Moriarty did not have the authority to negotiate a final cost for the project. Additionally, work on the project was ongoing on January 22, 2009, and Plaintiff had not even been invoiced for all of the change orders.

Plaintiff's objection will be overruled. As an initial matter, the agreement concerning the $34,000 was reached during the telephone conversation and the e-mail exchange served to confirm the agreement from a single party's point of view. As such, it is impossible to determine what the precise terms of the agreement were. More importantly, Knecht made clear in his e-mail that he understood the $34,000 to be a final payment on all change orders, Moriarty did not indicate a similar understanding in his response. Moreover, Moriarty lacked the authority to negotiate such a settlement.

Further, as Defendant emphasizes, other circumstantial evidence supports Defendant's assertion that Moriarty did not agree to a final cost term during the January 22, 2009 conversation. For example, work on the underground collector was ongoing at the time and Defendant had not yet

invoiced Plaintiff for all of the change orders. A contractor cannot agree to a final project cost when it does not know what the final cost may be. Similarly, Plaintiff has not offered a reasonable explanation for why Defendant would agree to a ninety percent discount on its change order work. Defendant has steadfastly maintained that it is entitled to be paid for the change order work, and it remains unexplained why Defendant would agree to such a substantial discount where there is no reason to question Plaintiff's ability or obligation to pay.

Accordingly, it is **ORDERED** that Judge Binder's report and recommendation [Dkt. # 46] is **ADOPTED**.

It is further **ORDERED** that Plaintiff's objections [Dkt. # 47] are **OVERRULED**.

It is further **ORDERED** that Plaintiff's motion for partial summary judgment [Dkt. # 36] is **DENIED**.

It is further **ORDERED** that each party is **DIRECTED** to submit a brief summary of the case, which will be reviewed by the Court in advance of the December 21, 2010 status conference. The summary should include a factual summary; a list of claims and defenses, including an explanation of the relief the party is seeking; a list of witnesses, including a summary of each witness's proposed testimony; and a list of exhibits, including a summary of the information contained in the exhibits, on or before **December 20, 2010 at 4:00 p.m.**

                                                   s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

Dated: December 16, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 16, 2010.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS